E-FILED
Monday, 17 December, 2007  04:29:16 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

```
KIRK BINTZLER,                      )
                                    )
      Petitioner,                   )     No. 07-1088
                                    )
v.                                  )
                                    )
J. D. ZUERCHER, Warden              )
                                    )
      Respondent.                   )
```

## **O P I N I O N   A N D   O R D E R**

Before the Court is Respondent's Motion to Dismiss [Doc. 6] a Petition for a Writ of Habeas Corpus [Doc. 1For the following reasons Respondent's Motion to Dismiss is GRANTED.

In 1994, Petitioner pled guilty in the Eastern District of Wisconsin to possession of a firearm by a felon in violation of 18 U.S.C. § 922, and he was later sentenced to 75 months of imprisonment.  Petitioner appealed his sentence, however, the Seventh Circuit Court of Appeals affirmed the district court's judgment on May 19, 1995. United States v. Bintzler, 56 F.3d 67 (7th Cir. 1995)(unpublished opinion).

In 1994, Petitioner also faced state charges of theft by fraud and making false statements in applications for certificates of title. [Doc. 6, at App. 31.]  And, in June of 1995, he was sentenced in state court to an aggregate term of 15 years for his state crimes.

In 1997, Petitioner filed a petition for habeas relief under 28 U.S.C. § 2255 in the Eastern District of Wisconsin. The district court denied the habeas petition and on April 23, 2001 the Seventh Circuit entered an order denying Petitioner's request for a certificate of appealability.

In 2000, Petitioner filed a request for habeas relief under 28 U.S.C. § 2241 in the Eastern District of Wisconsin. The district court denied and dismissed the petition for lack of jurisdiction and Petitioner appealed. In 2004, the Seventh Circuit vacated and remanded the case for further proceedings and expressed no opinion on the merits of Petitioner's § 2241 petition.

Petitioner then sought habeas relief on the grounds that his federal sentence should have been served concurrently with the state sentence he received in Milwaukee County, or that he should have served his federal sentence first. The court provided a detailed analysis of Petitioner's claims, and dismissed the petition on its merits. Petitioner then filed this request for habeas relief in this Court, while at the same time appealing his other habeas petition to the Seventh Circuit. On June 21, 2007, the Seventh Circuit affirmed the decision of the Eastern District of Wisconsin denying Petitioner's request for habeas relief. Bintzler v. Gonzales, 239 Fed. Appx. 271 (7th Cir. 2007)(unpublished opinion).

Within the Seventh Circuit's Opinion, the Court addressed the merits of Petitioner's appeal and noted that mistakes had been made when Petitioner was originally sentenced and incarcerated.  Specifically, Petitioner sat in a county jail from November 1994, after his federal sentencing, until June 1995 despite the fact that the state judge had ordered his release from state prison.  During that time he was incarcerated in a state prison and the clock had not begun to run on his federal sentence.  While acknowledging the mistake, the Seventh Circuit noted that there had not been an abuse of discretion.  Our Appellate Court emphasized that the Bureau of Prisons ("BOP") had deducted from Petitioner's federal sentence all of the time he had served in the county jail before commencement of his state sentence – or 456 days.  Finally, the Seventh Circuit noted that both the state and federal sentencing judges recommended that Petitioner's sentences to be served consecutively due to Petitioner's "awful" criminal record.  <u>Bintler</u>, 239, Fed Appx. at 276.  As a result, the Seventh Circuit denied Petitioner's appeal requesting habeas relief.

Now, Petitioner seeks his immediate release from federal custody from this Court for similar reasons.  The Government argues that this is a second or successive petition for habeas relief and Petitioner is barred by 28 U.S.C. § 2244.  Petitioner

responds by arguing that a refusal to hear his claim will result in "a fundamental miscarriage of justice." [Doc. 10 at 1.]

A fundamental miscarriage of justice is when an innocent party has been convicted of a crime or at least something concerning a prisoner's conviction or sentence shocks the conscience. See Dellinger v. Bowen, 301 F.3d 758, 767 (7th Cir. 2002). Based on the facts before the Court there is no claim of actual innocence. While there were procedural problems when Petitioner was originally incarcerated, Petitioner has had his sentence reduced by the BOP so his release date would not be postponed because of the original error. Furthermore, the intent of the sentencing judges was for Petitioner to serve his sentences consecutively and Petitioner has been made to serve his sentences consecutively. And finally, the Seventh Circuit was well aware of the entire set of facts surrounding Petitioner's convictions and sentences and did not consider Petitioner a victim of a miscarriage of justice. As a result, this Court finds that Petitioner has not suffered a fundamental miscarriage of justice.

Accordingly, this request for habeas relief will be viewed as a second or successive request. A petitioner can only bring a second claim for habeas relief "if the court of appeals certifies that the application is based either on a new rule of constitutional law made retroactively applicable by the Supreme Court to collateral challenges to final judgments or on newly discovered evidence that demonstrates that no reasonable finder

4

of fact could have found the applicant guilty." Dunlap v. Litscher, 301 F.3d 873, 875 (7th Cir. 2002). Furthermore, 28 U.S.C. § 2244(a) "bars successive petitioners under § 2241 directed to the same issue concerning execution of a sentence." Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998). Accordingly, Petitioner is barred from raising a second or successive request for habeas relief challenging the execution of his sentence in this Court.

IT IS THEREFORE ORDERED that Respondent's Motion to Dismiss is GRANTED. All other Motions before this Court are MOOT.

CASE TERMINATED

ENTERED this  17th  day of December, 2007.

                                                  s/ Joe Billy McDade  
                                                      Joe Billy McDade  
                                        United States District Judge